UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Kasse Leone Barta & on behalf of joint minor Child, | File No. 25-cv-4486 (ECT/SGE) |
| Plaintiffs, | |
| v. | **OPINION AND ORDER** |
| Andrew Jaymes Hallberg, Paula Duggan T. Vra, Jennifer Christensen, Kerri Jensen, Jan Beucher, and Lu Ann Carpenter, | |
| Defendants. | |

---

This matter is before the Court on Plaintiff Kasse Leone Barta's Complaint, ECF No. 1, and application to proceed *in forma pauperis*, ECF No. 2 ("IFP Application").[1] For the following reasons, this action will be dismissed and the IFP Application will be denied as moot.

This case arises from a long-running state custody dispute between Barta and Defendant Andrew Jaymes Hallberg over their minor child, L.L.B. *See, e.g.*, Compl. at 4, 7. The Complaint alleges that on May 24, 2016, a Minnesota state court in Carver County entered a "permanency order" granting Barta and Hallberg joint legal and physical custody of L.L.B., with Barta having primary physical custody. *See id.* at 7; ECF No. 1-1 at 7. That order (the "May 2016 Order") followed earlier child-protection proceedings, and

---

[1] While this filing is on a template for litigants seeking to proceed *in forma pauperis* on appeal, I construe the document as seeking to proceed *in forma pauperis* in these district-court proceedings.

Barta apparently claims that, under Minnesota law, it vested the Carver County court with exclusive, continuing jurisdiction over L.L.B.'s custody. *See* Compl. at 7.

Barta alleges that, notwithstanding the May 2016 Order, a district court in neighboring Scott County later "entered multiple [custody] orders" in a previously closed "paternity case" that "purport[ed] to modify custody" of L.L.B. in favor of Hallberg. *Id.* Barta contends that these Scott County orders were entered "without jurisdiction or statutory compliance, and contrary to the existing permanency order." *Id.* In Barta's view, all such orders from the Scott County case are void "for want of subject matter jurisdiction." *Id.* The Complaint further asserts that the Scott County orders were obtained without the procedures and affidavits required by Minnesota law to modify a custody arrangement, and without affording Barta due process. *See id.*

Barta alleges that Hallberg "procured" these invalid orders through a conspiracy with several individuals who had ties to Hallberg's family and roles in the court system. *Id.* at 4, 7. In particular, the Complaint names as Defendants Judge Paula Vraa,[2] a Minnesota state district judge who presided over certain Scott County proceedings; Jan Beucher, a Scott County child-support officer; Kerri Jensen, a Carver County social-services employee; Jennifer Christensen, a Carver County court administrator; and Lu Ann Carpenter (also known as Lu Ann Bayer), a court-operations administrator. *See id.* at 2, 6. The Complaint suggests that some of these officials are related to Hallberg (e.g., it refers to Judge Vraa and Jensen as being cousins of Hallberg's grandfather). *See id.* at

---

[2] Judge Vraa's name is misspelled in the caption.

1. Barta contends that these family connections allowed Hallberg to receive favorable treatment in the state-court proceedings. *See id.* at 7.

Barta claims that, because of the allegedly void orders, she has been denied parenting time, and L.L.B. has been placed in unsafe or inappropriate custody, causing the child "emotional distress and physical injury." *Id.* The Complaint asserts that L.L.B. has exhibited PTSD symptoms and required in-patient psychiatric hospitalization, which Barta attributes to separation from her mother and instability from the unlawful custody changes. *See id.* Barta reports that she tried to challenge the Scott County orders by appealing to the Minnesota Court of Appeals, but that her appeals were dismissed or denied without substantive relief. *See id.* Having failed to obtain a remedy in state court, Barta now turns to federal court.

While the Complaint is not entirely clear, Barta appears to press four claims. *See id.* at 7–8 (listing Counts 1–4); *id.* at 4 (presenting three counts that seem basically parallel). First, Count 1 seeks a declaration that all Scott County custody orders entered after December 31, 2008, are void because the May 2016 Order in Carver County triggered exclusive continuing jurisdiction under Minnesota law. *See id.* at 4, 7. Count 2 asserts that Defendants violated Barta's and L.L.B's rights to procedural and substantive due process (and parallel Minnesota constitutional protections) by altering custody determinations without lawful jurisdiction and required procedures. *See id.* Count 3 asserts a state-law claim for reckless and intentional infliction of emotional distress. *Id.* at 4, 8. Finally, Count 4 alleges Defendants acted in concert to misuse legal processes (so violating 42 U.S.C.

§ 1985) to deprive Barta of custody and parenting rights while benefiting Hallberg and allegedly concealing misconduct. *Id.*

For relief, Barta asks for declaratory and injunctive relief to "declare all Scott County [custody] orders post-12/31/2008 void and unenforceable" and to "restore full joint legal and physical custody" to herself as provided in the May 2016 Order. *Id.* at 8. She also seeks to enjoin Defendants from enforcing the Scott County orders and for an order requiring "expedited review" by the Carver County court to clarify its exclusive jurisdiction. *Id.* In addition, Barta requests "further equitable relief" such as restitution or sanctions, and any other "just" relief, potentially including damages or costs. *Id.*

This action faces a threshold jurisdictional problem. Under the *Rooker-Feldman* doctrine,[3] lower federal courts have no jurisdiction to review or reverse state-court judgments, except in the narrow context of federal habeas corpus. *See, e.g.*, *Kvalvog v. Park Christian Sch., Inc.*, 66 F.4th 1147, 1152 (8th Cir. 2023) (quoting *Mosby v. Ligon*, 418 F.3d 927, 931 (8th Cir. 2005)). Put another way, federal district courts may not sit as *de facto* appellate courts over state court judgments. *See, e.g.*, *Robins v. Ritchie*, 631 F.3d 919, 925 (8th Cir. 2011). This jurisdictional bar applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). So if the injury a plaintiff asserts was caused by a state-court judgment, and the plaintiff

---

[3]   Named after *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

4

asks the federal court to undo or invalidate that decision, *Rooker-Feldman* deprives the federal court of subject-matter jurisdiction.

This case falls squarely within *Rooker-Feldman*'s ambit. The discussion above shows that Barta is, in substance, a "state-court loser[]" complaining of injuries purportedly caused by state custody orders issued before she filed this action. And the Complaint expressly asks a federal district court to declare those state-court orders void, enjoin their enforcement, and restore Barta's custody rights (as provided by a different state-court order). At its core, then, this lawsuit seeks federal-court review and rejection of state-court decisions regarding child custody. Indeed, the main relief sought—a declaration that certain state judgments are null, and an injunction against their enforcement—directly invites this Court to overturn state-court outcomes. Under *Rooker-Feldman*, such an action is not within lower-federal-court jurisdiction.[4]

---

[4] And to be clear: even if there were subject-matter jurisdiction here, the Complaint would be subject to dismissal on the merits under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim on which relief may be granted. First, as a *pro se* non-attorney, Barta cannot represent the legal interests of her minor child. *Crozier ex rel. A.C. v. Westside Cmty. Sch. Dist.*, 973 F.3d 882, 887 (8th Cir. 2020) (per curiam). Second, certain claims face insurmountable immunity barriers: Judge Vraa is entitled to absolute judicial immunity, *see Hamilton v. City of Hayti*, 948 F.3d 921, 925 (8th Cir. 2020); court administrators are protected by quasi-judicial immunity, *see id.* at 928; and state officials sued in their official capacities are largely shielded by the Eleventh Amendment, *see Murphy v. Arkansas*, 127 F.3d 750, 754 (8th Cir. 1997). Third, any § 1983 claims against Hallberg would fail because he is not a state actor, and Barta's conclusory allegations of a "conspiracy" are insufficient to convert private conduct into state action or to state a claim under § 1985(3). *Magee v. Trs. of the Hamline Univ.*, 957 F. Supp. 2d 1047, 1058–59 (D. Minn. 2013). Fourth, the Complaint fails to plead any municipal policy or custom of the sort required for so-called *Monell* liability against the County defendants. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Finally, once all of the Complaint's federal-law claims were dismissed on the merits, I would decline to exercise supplemental jurisdiction over any remaining state-law claims. *Hervey v. County of Koochiching*, 527 F.3d 711, 726 (8th Cir. 2008).

**ORDER**

Based on the foregoing, and on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT**:

1. Plaintiff Kasse Leone Barta's Complaint [ECF No. 1] is **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

2. Barta's application to proceed *in forma pauperis* [ECF No. 2] is **DENIED** as moot.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  December 22, 2025                          s/ Eric C. Tostrud
                                                   Eric C. Tostrud
                                                   United States District Court